[No. 18271.    Department Two.—May 14, 1894.]

LAKE COUNTY, RESPONDENT, *v.* JOHN ALLMAN, APPELLANT.

PRIVATE ROAD — CONDEMNATION PROCEEDING — PARTIES — ACTION BY COUNTY.—A condemnation proceeding may be maintained in the name of the county to open a private road.

ID.—DESCRIPTION OF LAND TAKEN—PUBLIC INTEREST—DAMAGES.—The condemnation proceedings are sufficient, where the statement in the complaint of the land sought to be taken, together with the name filed, constitute a sufficient description of such land, and where the findings show that the public interests demand and require that the road be established, and the damages are found with sufficient particularity, and no defect appears in any material matter.

APPEAL from a judgment of the Superior Court of Lake County.

The facts are stated in the opinion of the court.

*D. A. MacDougal,* and *MacDougal & Sheridan,* for Appellant.

*J. M. Hamilton,* and *Hudson & Sayre,* for Respondent.

The COURT.—This is an appeal from the judgment by defendant upon the judgment-roll, without any bill of exceptions, from a judgment against him in a condemnation proceeding brought to open a private road over certain land of defendant.

The point that the proceeding cannot be maintained in the name of the county is, we think, not well taken. Under section 2690 of the Political Code it may be brought by the county in the matter of opening a public road; and by section 2692 the same provisions apply to what are called "private or by roads."

The statement in the complaint of the land sought to be taken, together with the name filed, constitute a sufficient description of such land.

The findings, we think, are sufficient. They show that "the public interest demand and require" that the road be established; and the damages are also found with sufficient particularity. They are not defective in any material matter. We see no reversible error.

Judgment affirmed.